UNITED STATES of America,
Plaintiff,

v.

SIERRA PACIFIC INDUSTRIES,
et al., Defendants.

Case No. 2:09–CV–02445 JAM–EFB.

United States District Court,
E.D. California.

Jan. 11, 2011.

Todd A. Pickles, Kelli L. Taylor, Office of the United States Attorney, William Ross Warne, Downey Brand LLP, Sacramento, CA, for Plaintiff.

Richard Stone Linkert, Matheny Sears Linkert & Jaime, William Ross Warne, Michael Aaron Schaps, Michael John Thomas, Downey Brand LLP, Phillip R. Bonotto, Law Offices of Rushford & Bonotto, LLP, Sacramento, CA, for Defendants.

*ORDER DENYING SIERRA PACIFIC INDUSTRIES' MOTION FOR RECONSIDERATION OF DISCOVERY ORDER*

JOHN A. MENDEZ, District Judge.

This matter comes before the Court on Defendant Sierra Pacific Industries' ("SPI") Motion for Reconsideration of Discovery Order (Doc. # 107). Plaintiff United States of America opposes the motion (Doc. # 111).

## I. FACTUAL AND PROCEDURAL BACKGROUND

On August 10, 2010, the United States Forest Service invited the public to a ser-

ies of seven tours of a Forest Service Project on the Plumas National Forest. Michael Schaps ("Schaps"), an associate attorney with Downey, Brand, counsel of record for SPI, attended the public tour, along with other members of the public. During the tour, Schaps communicated with a number of Forest Service employees. At no time did Schaps inform those employees that he was an attorney with the law firm representing SPI in this pending litigation.

Upon learning that Schaps attended the tour and asked questions to Forest Service employees, the United States filed a Motion for Protective Order to Bar Improper *Ex Parte* Contacts and Produce Evidence of *Ex Parte* Contracts; And Prohibit Use of Evidence Obtained From *Ex Parte* Contacts (Doc. # 68) before the Honorable Edmund F. Brennan, Magistrate Judge. After extensive briefing and a hearing, Magistrate Judge Brennan granted the United States' Motion for a Protective Order (Doc. # 92). SPI now asks this Court to reconsider and set aside Magistrate Judge Brennan's Order.

## II.  OPINION

### A.  *Legal Standard*

■ 28 U.S.C. § 636(b) and E.D. Cal. Local Rule 303 govern the standard for a Motion for Reconsideration. The district court "may reconsider any pretrial matter … where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); E.D. Cal. Local Rule 303(f). The standard of review under § 636(b)(1)(A) is highly deferential; *see United States v. Abonce–Barrera,* 257 F.3d 959, 968–69 (9th Cir.2001), and does not permit the reviewing court to substitute its own judgment for that of the magistrate judge's. *Grimes v. City & County of San Francisco,* 951 F.2d 236, 241 (9th Cir. 1991).

### B.  *Magistrate Judge's Opinion*

Magistrate Judge Brennan held that Rule 2–100 of the Rules of Professional Conduct of the State Bar of California ("California Rules") was violated by SPI's counsel's communication with Forest Service employees during the August 10, 2010 public tour.

#### 1.  *Legal Standard*

Rule 2–100 is a "no contact rule" which states that "[w]hile representing a client, a member shall not communicate directly or indirectly about the subject of the representation with a party the member knows to be represented by another lawyer in the matter, unless the member has the consent of the other lawyer."

Rule 2–100 contains a "public body"/"public officer" exception to the no contact rule. Subsection (C)(1) states that "[t]his rule shall not prohibit communications with a public officer, board, committee, or body." According to a proposed, but not formally adopted, opinion by the California state bar, the public officer exception allows for contact with a represented party or employee if the communication is with:

> a person to whom a communication would be constitutionally protected by the First Amendment right to petition the government. Such a person would be one who, for example, has the authority to address, clarify or alter governmental policy; to correct a particular grievance; or to address or grant an exemption from regulation.

Proposed Formal Opinion Interim No. 98–0002. Thus, the Proposed Formal Opinion focuses primarily on the level of the public official's authority to determine whether the public official exception applies. The public officials at issue in the unadopted opinion were line police officers, and they were determined not to be of the requisite

level of authority to be covered by the public officer exception.

### 2. *Magistrate Court's Analysis*

Magistrate Judge Brennan found that the public officer exception of subsection (C)(1) does not apply to the instant case. "Schaps' actions were not an exercise of a First Amendment right to seek redress of a particular grievance, but were rather an attempt to obtain evidence from these employees." Doc. # 92 at 10. Schaps asked questions that went well beyond attending a public information tour of a project site. "[T]he facts show and the court finds that he was attempting to obtain information for use in the litigation that should have been pursued through counsel and through the Federal Rules of Civil Procedure governing discovery." *Id.* Additionally, the court found no evidence to support a conclusion that Schaps was communicating with a policy-making official or persons with authority to change a policy or grant some specific request for redress that Schaps was presenting. *Id.* at 11.

Accordingly, the court found that the "public officer" exception of Rule 2–100(C)(1) has no application in this case and granted the government's motion for a protective order and discovery sanctions. The court ordered SPI to identify all federal employees contacted without knowledge of counsel for the United States in this matter to date, as well as the dates and circumstances of each contact, and to produce originals and copies of all recordings or documents relating to such communications.

### C. *Analysis*

■ Magistrate Judge Brennan's decision is not clearly erroneous or contrary to law. Magistrate Judge Brennan found that the Forest Service workers with whom SPI's counsel communicated, do not have decision-making powers and have no authority to redress a grievance. He also found that Schaps was not exercising his First Amendment right to petition the government, but was instead engaged in an attempt to discover and gather evidence and statements from those employees for use in litigation. This Court finds that Magistrate Judge Brennan's factual findings and application of the law to be supported by the record and proper analysis. SPI argues that Magistrate Judge Brennan failed to acknowledge and/or address the actual text of Rule 2–100. In particular, SPI argues that the Forest Service is a "public body" under 2–100(c)(1) and its counsel's communications with *any* employee of the Forest Service is permitted. This argument is without merit. Magistrate Judge Brennan's Order is fully consistent with the plain meaning of the terms "public officer" and "public body." These terms clearly denote something more than any and all government employees.

This Court agrees with Magistrate Judge Brennan's conclusion that SPI's interpretation of Rule 2–100 would carry the "public-official" exception to Rule 2–100 too far. If the State Bar had intended "public officer" or "public body" to mean all government employees it would have said as much. The term "public body" does not mean an individual and SPI's argument that the Forest Service is a "public body" is irrelevant given the undisputed fact that all of Schaps' communications were with individual employees of the Forest Service. As the government argues, in common usage, "public body" implies a multi-member group of individuals who derive authority from their collective action, such as a city council or Congress. It is impossible for this Court, as it was for Magistrate Judge Brennan, to reconcile SPI's argument for "unfettered access" to all government employees with the unpublished state bar opinion. Holding otherwise would create the unprecedented situation where attorneys for private litigants

would be permitted to speak to any government employee about any subject for the purpose of obtaining information to be used against the government in litigation.

Finally, this Court believes it is important to make clear that it is troubled by SPI's counsel's behavior and decisions with respect to this particular incident. Such conduct is out of the ordinary and the Court takes SPI's counsel at its word that it will not occur again. Local Rule 180 explicitly prohibits "any conduct that degrades or impugns the integrity of the Court or in any manner interferes with the administration of justice." E.D. Cal. Local Rule 180(e). The ABA Model Rules forbid all "conduct involving dishonesty, fraud, deceit, or misrepresentation." Model Rule of Professional Conduct R. 8.4(c). These rules not only forbid affirmative false statements of fact, but misleading omissions. "Misrepresentations can also occur by partially true but misleading statements or omissions that are the equivalent of affirmative statements." Model Rule of Professional Conduct 4.1, Comment 1. Here, Schaps was instructed to "attempt to stay confidential" (Schaps' Decl. (Doc. # 107–1) ¶ 5). Such an instruction is difficult to reconcile with SPI's position that it had nothing to hide and did nothing wrong. Instead of identifying himself as counsel for SPI, Schaps stated only his full name and that he was a member of the public. Schaps' Decl. ¶ 17. Even if Schaps did not make an affirmative false statement, omitting that he represents SPI is an ethical lapse because Schaps was not at the Forest Service tour simply as an interested citizen, but as an attorney gathering evidence to be used in litigation. While Schaps had an absolute right to attend the tour, as a practicing attorney he is held to a higher standard of ethical behavior than a general member of the public, particularly when he is intimately involved in litigation against the tour's sponsor. Such is clearly the intent behind Local Rule 180(e)

and Rule 2–100. Zealous advocacy overcame professional responsibility in this particular instance. It should not, and, the Court is certain, will not happen again.

## III. ORDER

For the reasons set forth above,

SPI's Motion for Reconsideration is DENIED. SPI shall comply with Magistrate Judge Brennan's Order (Doc. # 92) within seven (7) days from the date of this Order.

IT IS SO ORDERED.